UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JEANINE HILL, individually and for all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOTAL EVENT SOLUTIONS, INC., and ALISON MURPHY,<br><br>Defendants. | Civil Action No. 1:25-cv-00409<br><br>**JURY DEMANDED**<br><br>**Filed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B); corrected version filed pursuant to Fed. R. Civ. P. 11(c)(2).** |

**(CORRECTED) FIRST AMENDED
CLASS AND COLLECTIVE ACTION COMPLAINT**

### I. Introduction

1. Plaintiff Jeanine Hill brings this action for herself and all others similarly situated pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216, and Federal Rule of Civil Procedure 23 alleging that Defendants Total Event Solutions, Inc. and Alison Murphy have violated federal and state wage law.

2. Total Event Solutions, Inc. is an event staffing agency owned and operated by Alison Murphy that provides promotional workers to concerts, festivals, trade shows, and similar events. Defendants classify these workers, including Ms. Hill, as independent contractors. That classification is improper under federal and state law. Due to their misclassified independent contractor status, the promotional workers have not received all the wages and benefits to which

1

they are entitled, including, *inter alia*, timely payment of wages and premium compensation when they have worked overtime.

3. As a result of these practices, Defendants' promotional workers have suffered monetary and economic damages for which Ms. Hill, individually and for all others similarly situated, seeks compensatory relief in the form of monetary restitution, statutory (e.g., liquidated, punitive, or treble) damages, interest, and attorneys' fees and costs.

## II. The Parties

4. Jeanine Hill is an adult individual who resides in New York City, New York.

5. Ms. Hill brings this action individually and for all other similarly situated individuals, as follows:

    a. with respect to her FLSA claim, Ms. Hill seeks to represent all promotional workers who have performed services for Total Event Solutions, Inc. during the applicable statutory period while classified as independent contractors, and who file a consents to join this action; and

    b. with respect to her state law claims, Ms. Hill seeks to represent all individuals who have performed services as promotional workers for Total Event Solutions, Inc. during the statutory periods applicable to their claims while classified as independent contractors.

6. Total Event Solutions, Inc. is corporation organized under Rhode Island law with its principal office located at 270 Bellevue Avenue in Newport, Rhode Island.

7. Alison Murphy is the owner and president of Total Event Solutions, Inc. and maintains her primary residence at 20 Draper Avenue in Middletown, Rhode Island.

### III. Jurisdiction

8. The Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Ms. Hill has asserted a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, a federal statute.

9. The Court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367 because they are so related to the FLSA claim in this action, over which the Court has original jurisdiction, that they form part of the same case or controversy.

### IV. Collective and Class Allegations

#### A. Collective Action Allegations

10. With respect to her claim under the FLSA, Ms. Hill brings this action individually and for all others similarly situated, namely: all promotional workers who have performed services for Total Event Solutions, Inc. during the applicable statutory period while classified as independent contractors, and who file consents to join this action.

11. The promotional workers Ms. Hill seeks to represent for purposes of the FLSA are similarly situated because, *inter alia*, they performed the same type of work for the same Defendants, subject to the same policy and practice of misclassification, and were all paid pursuant to the same compensation scheme, in violation of the same statutory provisions.

#### B. Class Action Allegations

12. With respect to her state law claims, Ms. Hill brings this action individually and for all others similarly situated pursuant to Fed. R. Civ. P. 23(b)(3), namely: all individuals who

have performed services as promotional workers for Total Event Solutions, Inc. during the statutory periods applicable to their claims while classified as independent contractors.

13. The promotional workers whom Ms. Hill seeks to represent with respect to her state law claims meet the requirements of Fed. R. Civ. P. 23 for class certification.

14. The promotional workers are too numerous for practicable joinder. Defendants advertise that they retained more than 2,500 promotional workers "over the years." Joinder of even a fraction of that number would be inefficient and uneconomical given the promotional workers' geographic dispersion, the remedial nature of their claims, and the individual value of their damages.

15. The promotional workers' claims present common issues of law and fact that predominate over individual issues or concerns. Defendants' employment and wage payment practices are broadly uniform and similarly affect all the proposed class members, including Ms. Hill. The evidence that the parties must rely upon in litigating the claims asserted here is common to the proposed class and raises questions of law and fact that may be answered in common fashion.

16. Ms. Hill is an adequate and typical representative of the proposed Rule 23 class because she and the promotional workers were all subject to the same practices and suffered similar harms. Moreover, Ms. Hill retained the undersigned counsel to pursue these claims, and the undersigned counsel have substantial experience in this area of law. Ms. Hill and her counsel will fairly and adequately represent the interests of the proposed class because neither she nor her counsel have a conflict of interest with the proposed class members.

## V. Statement of Facts

17. Total Event Solutions provides staffing, management, and promotional services for events such as trade shows, conventions, concerts, festivals, and similar events.

18. In her role as president of Total Event Solutions, Ms. Murphy is responsible for implementing and maintaining the practices challenged herein.

19. Ms. Hill performed promotional work for Total Event Solutions until about October 2, 2022.

20. Total Event Solutions maintains a website (totaleventsolutions.com) where it describes its business as follows:

> Total Event Solutions provides Staffing and Event Management Solutions to accommodate a variety of event marketing initiatives. We look to provide located talent for all our clients in an effort to eliminate unnecessary travel fees and provide experienced and engaging staff in every market we operate.

21. The "localized talent" that Total Event Solutions provides consists of promotional workers like Ms. Hill.

22. Defendants' promotional workers are responsible for marketing the services and products of Defendants' clients to consumers.

23. Defendants refer to their promotional workers by several titles, including "brand ambassador," "product specialist," "event manager," and "promotion model". For each title, the position and duties are substantively the same.

24. Defendants require the promotional workers to travel extensively. For example, Ms. Hill was required to travel to events in New York, Delaware, and Massachusetts.

25. Defendants require their promotional workers to sign a standard form contract called an "Independent Contractor Agreement" ("Agreement") for each event they work.

26. Ms. Hill executed several Agreements during her time working for Defendants.

27. For example, Ms. Hill executed an Agreement for a promotional event called "The Big E" that was held between September 16, 2022, and October 2, 2022, in Massachusetts. (*See* **Exhibit A**).

28. The Agreement refers to the promotional workers as "Contractors" and includes the following provision concerning their employment status:

> **Independent Contractor**. **This Agreement shall not render the Contractor an employee, partner, agent of, or joint venturer with the Company for any purpose. The Contractor is and will remain an independent contractor in their relationship to the Company.** The Company shall not be responsible for withholding taxes with respect to the Contractor's compensation hereunder. **The Contractor shall have no claim against the Company hereunder or otherwise for vacation pay, sick leave, retirement benefits, social security, worker's compensation, health or disability benefits, unemployment insurance benefits, or employee benefits of any kind.**

(Agreement [Ex. A], ¶ 5) (emphasis original).

29. The Agreements also include the following choice of law provision:

> **Choice of Law**. The laws of the state of Rhode Island shall govern the validity of this Agreement, the construction of its terms and the interpretation of the rights and duties of the parties hereto.

(Agreement [Ex. A], ¶ 7).

30. Defendants classify the promotional workers as independent contractors, rather than employees.

31. However, Defendants cannot satisfy federal law or the law of the states in whicih they operate to classify the promotional workers in this fashion.

32. Defendants retain the right to control the services performed by the promotional workers. For example:

6

    a.    the Agreement states that "Total Event Solutions (the Company)" may "terminate the engagement of the Contractor immediately and without prior written notice" for, *inter alia*, failing or refusing to comply with Defendants' written policies and directives;

    b.    the Agreement requires the promotional workers to treat the information and materials provided to them in connection with their services as confidential and not to "disclose their retention as an independent contractor or the terms of [the] Agreement to any person";

    c.    Defendants request that individuals looking to work as promotion staff provide a photograph of themselves "with no hat or sunglasses" and "1-2 other photos of yourself that are from working events";

    d.    Defendants determine which events to offer the promotional workers, as well as the compensation the promotional workers will receive for particular events and the time period in which they will receive that compensation;

    e.    Defendants require the promotional workers to fill out, sign, and submit "event staff job order" forms in connection with each event they work no later than 30 days after the event in order to receive compensation;

    f.    Defendants coach and train the promotional workers on how to conduct themselves at the events to which they are assigned, including how to dress and how best to market the clients' products or services.

33.    The promotional workers perform a service that is part of Defendants' regular course of business – that is, Defendants provide event management and brand promotion services, and the promotional workers are the individuals who perform those services.

34. The promotional workers are a necessary part of Defendants' enterprise. Indeed, without promotional workers, Defendants would be unable to provide the very services they advertise to clients.

35. The promotional workers are not engaged in an occupation, trade, profession, or business distinct from those of Defendants. To the contrary, the services they perform are part and parcel with Defendants' usual business.

36. The promotional workers do not have a meaningful opportunity for profit or loss. As hourly-paid workers, their only "opportunity" for "profit" is to earn their hourly pay, or to receive no pay if they do not work.

37. The promotional workers have no real "investment" in an independent "business." The tools, materials, merchandise, and uniforms they use are provided by Defendants or Defendants' clients.

38. The services performed by Defendants' promotional workers does not require substantial skill or initiative because those services consist primarily of manual labor (e.g., transporting products, setting up displays) and interacting with event goers.

39. The relationship between the promotional workers and Defendants is transitory.

40. Ms. Hill, for example, worked intermittently for Defendants for less than three years. Other promotional workers are expected to have worked even shorter durations, or even less frequently.

41. Defendants generally pay the promotional workers on an hourly basis.

42. Defendants paid Ms. Hill, for example, between $20 and $25 per hour depending on the event to which she was assigned.

43. The hourly sums paid by Defendants to the promotional workers are reflected in event staff job order forms that Defendants require the workers to fill out in order to receive payment. A sample form is attached as **Exhibit B**.

44. Although the promotional workers are regularly required to work more than 40 hours in a week, and despite Defendants' knowledge that the promotional workers were working more than 40 hours in a week, Defendants do not pay the workers 1.5 times their regular hourly rate when they do so.

45. For example, between September 16 and September 22, 2022, Ms. Hill worked 11 to 12 hours per day for seven days at The Big E in Massachusetts, totaling about 78 hours.

46. Between September 22 and September 29, 2022, Ms. Hill worked about 11 hours per day for five days at The Big E in Massachusetts, totaling about 55 hours

47. Despite working about 64 overtime hours during The Big E, Defendants paid Ms. Hill the same $25 hourly rate for all hours worked, with no additional overtime compensation.

48. Ms. Hill performed promotional work at other events in New York for which she was paid the same way, i.e., a fixed hourly rate with no overtime increase.

49. For example, in 2022, Ms. Hill worked about 70 hours per week for two weeks performing promotional work at the New York State Fair in Syracuse, New York.

50. Despite working over 40 hours per week during the New York State Fair, Defendants paid Ms. Hill the same hourly rate, with no additional overtime compensation.

51. The promotional workers do not qualify as exempt from receiving overtime pay under the FLSA or the laws of the jurisdictions where Defendants operate because:

    g.    Defendants pay the promotional workers on an hourly basis, not on a salary basis; and

    h.    the promotional workers' primary job duties do not qualify for any overtime exemption under the FLSA or under the laws of the states where Defendants operate.

52.    Defendants do not pay the promotional workers on a consistent or fixed schedule and have failed to pay the promotional workers within the statutory time periods for payment of wages prescribed by the states in which Defendants operate.

53.    Defendants' policy and practice is to require the promotional workers to submit a specific form within 30 days of an event to be "considered" for "prompt payment." (Agreement [Ex. A], ¶ 9).

54.    The Agreement specifies that payment for worked events "will be made thirty (30) days after approval of [the form]" by Defendants. (Agreement [Ex. A], ¶ 9).

55.    Notwithstanding that policy and practice, Defendants have often paid the promotional workers in an inconsistent and ad hoc manner.

56.    For example, on September 12, 2022, Defendants wrote the following to eight promotional workers, including Ms. Hill, who had worked the New York State Fair:

> Hi All. Just wanted to lay out the NYS Fair payment processing plan.
>
> For Aug 24-31 activation dates I am paying all TODAY (8 days of activation). Zelle payments made to those that requested that way; Jeanine/Monique I will mail checks today
>
> For Sept 1-5 activation dates (5 days of activation) I will plan on sending week of Sept 26th (probably that Monday) via zelle/checks.
>
> The travel time compensation, meal per diems, expense reimbursements will all be paid in full by week of Oct 3rd.

57.    As another example, Defendants paid Ms. Hill between three and four weeks after she finished working The Big E in Massachusetts. In doing so, Defendants acted with reckless disregard and without reasonable due diligence, as indicated in an email from Ms. Murphy to Ms. Hill:

> Hi Jeanine
>
> So sorry for the very much so delay in getting this over to you. No excuse other then I've been up to my eyeballs in work, travel and a 14 yo daughter!! :)
>
> Expect at least half the days on/before 10/15. the other half of days on/before 10/31 and then expenses, per diem & travel time at some point in between. Intent is to have everything paid in full by 10/31.

58. After a reasonable opportunity for further investigation, evidence will likely support the contention that Defendants have failed to maintain true, accurate, and complete time and earnings records for their promotional workers, including Ms. Hill, as required by (*inter alia*) 29 C.F.R. § 516.2, R.I. Gen. Laws § 28-14-12, Mass. Gen. Laws c. 151, § 15, and N.Y. Labor Laws § 195.

59. After a reasonable opportunity for further investigation, evidence will likely support the contention that Defendants have failed to provide the promotional workers, including Ms. Hill, with regular earnings statements reflecting their rate of pay and hours worked, as required by (*inter alia*) R.I. Gen. Laws § 28-14-2.1, Mass. Gen. Laws c. 149, § 148, and N.Y. Labor Laws § 195.

60. For example:

   a. Defendants made many payments to promotional workers through Zelle, a service designed for wireless lump-sum cash transfers. Zelle is not designed for business payroll accounting and payments made by Zelle do not include information required by the FLSA's recordkeeping regulations, including, *inter alia*, additions to wages paid (e.g., per diem payments) and total "straight-time" and overtime hours worked.

   b. As alleged in paragraph 56, Defendants did not provide the promotional workers with a statement of hours worked and gross earnings "[o]n every regular

payday," as required by Rhode Island law, R.I. Gen. Laws § 28-14-2.1, but would instead remit payment weeks after the work was performed and on an ad hoc basis based on the usage limitations imposed by Zelle.

61. Defendants have not acted in good faith or with reasonable belief that their conduct complied with the FLSA by classifying the promotional workers, including Ms. Hill, as independent contractors and failing to pay the promotional workers, including Ms. Hill, overtime compensation.

62. Defendants have acted willfully and with reckless disregard because they knew or should have known, with the exercise of due diligence, that classifying the promotional workers, including Ms. Hill, as independent contractors and failing to pay the promotional workers, including Ms. Hill, overtime compensation violated the FLSA.

### VI.  Administrative Filings

63. Ms. Hill consents to join this action as a plaintiff for purposes of pursuing her FLSA claims on a collective basis. A consent form signed by Ms. Hill is attached as **Exhibit C**.

64. On August 8, 2025, Ms. Hill filed notice of her Massachusetts wage claims with the Massachusetts Attorney General's Office, Fair Labor Division. On August 15, 2025, the Attorney General's Office issued Ms. Hill a letter authorizing her to pursue her Massachusetts state law claims in court "on behalf of other similarly situated workers."

### COUNT I
### Fair Labor Standards Act, 29 U.S.C. § 207
### (Failure to Pay Overtime)

65. Plaintiff incorporates here, by reference, all the preceding allegations set forth in this Complaint.

66. Plaintiff asserts that Defendants have violated 29 U.S.C. § 207 by misclassifying their promotional workers, including Ms. Hill, as independent contractors, rather than as employees, and thereby failing to pay those promotional workers, including Ms. Hill, overtime equal to at least 1.5 times their regular hourly rate of pay.

67. Plaintiff brings this claim individually and for all others similarly situated pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Rhode Island Payment of Wages Law, General Laws § 28-14-19.1
### (Independent Contractor Misclassification)

68. Plaintiff incorporates here, by reference, all the preceding allegations set forth in this Complaint.

69. Plaintiff asserts that Defendants have violated R.I. Gen. Laws § 28-14-19.1 by misclassifying their promotional workers, including Ms. Hill, as independent contractors, rather than as employees, and thereby depriving them of the wages and benefits to which they are entitled.

70. Plaintiff brings this claim individually and for all others similarly situated pursuant to R.I. Gen. Laws §§ 28-14-19.2, 28-14-20, and Fed. R. Civ. P. 23.

## COUNT III
### Rhode Island Minimum Wage Act, General Laws § 28-14-4.1
### (Failure to Pay Overtime)

71. Plaintiff incorporates here, by reference, all the preceding allegations set forth in this Complaint.

72. Plaintiff asserts that Defendants have violated R.I. Gen. Laws § 28-14-4.1 by failing to pay their promotional workers, including Ms. Hill, additional compensation at the required statutory rate for their overtime hours worked.

13

73. Plaintiff brings this claim individually and for all others similarly situated pursuant to R.I. Gen. Laws §§ 28-14-19.2, 28-14-20, and Fed. R. Civ. P. 23.

## COUNT IV
### Rhode Island Payment of Wages Law, General Laws § 28-14-2.2
### (Failure to Timely Pay Wages)

74. Plaintiff incorporates here, by reference, all the preceding allegations set forth in this Complaint.

75. Plaintiff asserts Defendants have violated R.I. Gen. Laws § 28-14-2.2 by failing to pay their promotional workers, including Ms. Hill, on a timely basis, that is, either weekly or on a fixed biweekly, semi-monthly, monthly, or yearly schedule.

76. Plaintiff brings this claim individually and for all others similarly situated pursuant to R.I. Gen. Laws §§ 28-14-19.2, 28-14-20, and Fed. R. Civ. P. 23.

## COUNT V
### New York Minimum Wage Act, N.Y. Labor Law § 19-651
### (Independent Contractor Misclassification)

77. Plaintiff incorporates here, by reference, all the preceding allegations set forth in this Complaint.

78. Plaintiff asserts Defendants have violated N.Y. Labor Law § 19-65 by misclassifying those promotional workers who have performed services for Defendants in New York as independent contractors and thereby depriving them of the wages and benefits to which they are entitled.

79. Plaintiff brings this claim individually and for all others similarly situated pursuant to N.Y. Labor Law § 19-663 and Fed. R. Civ. P. 23.

## COUNT VI
### New York Minimum Wage Act, N.Y. Lab. Law § 19-652
### (Failure to Pay Overtime)

80. Plaintiff incorporates here, by reference, all the preceding allegations set forth in this Complaint.

81. Plaintiff asserts Defendants have violated N.Y. Labor Law § 19-652 by failing to pay the promotional workers who have performed services in New York, including Ms. Hill, additional compensation at the required statutory rate for their overtime hours worked.

82. Plaintiff brings this claim individually and for all others similarly situated pursuant to N.Y. Labor Laws § 19-663 and Fed. R. Civ. P. 23.

## COUNT VII
### Massachusetts Independent Contractor Statute, Mass. Gen. L. ch. 149 § 148B
### (Independent Contractor Misclassification)

83. Plaintiff incorporates here, by reference, all the preceding allegations set forth in this Complaint.

84. Plaintiff asserts Defendants have violated the Massachusetts independent contractor statute, Mass. Gen. L. ch. 149, § 148B, by classifying the promotional workers, including Ms. Hill, who have performed services in Massachusetts as independent contractors, rather than as employees, and thereby depriving them of the wages and benefits to which they are entitled.

85. Plaintiff brings this claim individually and for all others similarly situated pursuant to Mass. Gen. L. ch. 149, § 150, and Fed. R. Civ. P. 23.

## COUNT VIII
### Massachusetts Minimum Wage Act, Mass. Gen. L. ch. 151 § 1A
### (Failure to Pay Overtime)

86. Plaintiff incorporates here, by reference, all the preceding allegations set forth in this Complaint.

87. Plaintiff asserts Defendants have violated the Massachusetts overtime statute, Mass. Gen. L. ch. 151, § 1A, by failing to pay the promotional workers, including Ms. Hill, who have performed services in Massachusetts additional compensation at the required statutory rates for their overtime hours worked.

88. Plaintiff brings this claim individually and for all others similarly situated pursuant to Mass. Gen. L. ch. 151, § 1B, and Fed. R. Civ. P. 23.

## COUNT IX
### Massachusetts Wage Act, Mass. Gen. L. ch, 149, § 148
### (Failure to Timely Pay Wages)

89. Plaintiff incorporates here, by reference, all the preceding allegations set forth in this Complaint.

90. Plaintiff asserts Defendants have violated the Massachusetts Wage Act, Mass. Gen. L. ch. 149, § 148, by failing to pay the promotional workers, including Ms. Hill, who have performed services in Massachusetts all wages and benefits they are owed, and by failing to pay the promotional workers, including Ms. Hill, on a weekly or bi-weekly basis and within seven days after termination of the calendar week in which they were engaged working for Defendants.

91. Plaintiff brings this claim individually and for all others similarly situated pursuant to Mass. Gen. L. ch. 151, § 1B, and Fed. R. Civ. P. 23.

### VII.   Jury Demand

Plaintiff demands a trial by jury on all her claims.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter the following relief:

1. collective certification and notice as permitted by 29 U.S.C. § 216(b);

2. certification of the proposed class (or subclasses as necessary or appropriate) under Fed. R. Civ. P. 23;

3. declaratory judgment that the proposed class members are employees, not independent contractors;

4. compensatory damages for the proposed class members' unpaid overtime compensation and delinquent wage payments;

5. statutory (i.e., liquidated, multiple, and punitive) damages, as appropriate;

6. pre- and post-judgment interest;

7. attorneys' fees and costs; and

8. any other relief which this Court deems proper.

Respectfully submitted,

JEANINE HILL, individually and for all others similarly situated,

By their attorneys,

 /s/ Stephen J. Brouillard
Stephen J. Brouillard, BBO #6284
BIANCHI, BROUILLARD, SOUSA & O'CONNELL, P.C.
The Hanley Building
56 Pine Street, Suite 250
Providence, RI  02903
Tel. 401-223-2990
Fax. 877-548-4539
sbrouillard@bbrilaw.com

 /s/ Brant Casavant
Hillary Schwab, admitted *pro hac vice*
 hillary@fairworklaw.com
Brant Casavant, admitted *pro hac vice*
 brant@fairworklaw.com
FAIR WORK P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel. 617-607-3260

**Dated:** October 23, 2025.

18